UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

TIMOTHY D. KANE,

    Plaintiff,

v.

DEPUTY RAYMOND GILBERT, and
DEPUTY JOSEPH PAAVILAINEN

    Defendants.

RECEIVED
NOV 21 9HA7
NOV 21 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07CV6590
JUDGE LINDBERG
MAG. JUDGE VALDEZ

## COMPLAINT

NOW COMES Plaintiff, Timothy D. Kane (Kane), by himself pro-se., and complains against Defendants DEPUTY RAYMOND GILBERT. AND DEPUTY JOSEPH PAAVIALNEN, as follows:

### JURISDICTION, VENUE AND PARTIES

1. Kane is an American citizen of the United States who resides in Joliet, Illinois.

2. Defendants were Lake County Deputies employed by the Lake County Sheriff's Department on and before January 8, 2006.

3. This action for deprivation of constitutional rights arises under 42 U.S.C. § 1983.

4. Jurisdiction is based on 28 U.S.C. § 1331 which grants federal question jurisdiction.

5. Venue is proper with this court pursuant to 28 U.S.C. § 1391 (b)(2) in that all of the acts alleged herein occurred within Lake County.

6. Gilbert and Paavilainen, Defendants were performing duties similar to those they were assigned to perform in their capacities as Deputy Sheriffs for the Lake County Sheriff's Department on January 8, 2006 and were therefore acting under

the color of State law.

7. Plaintiff Kane was a resident of Lake County on and before January 8, 2006.

## COUNT I

### VIOLATION OF 42 U.S.C. § 1983

1-7. Plaintiff incorporates and realleges paragraphs (par.) 1 through 7 of this Complaint as though they were fully stated herein as par. 1 through 7 of Count I.

8. On or about January 8, 2006 Plaintiff was hiding under a bed at the American Inn Motel room #125, when Defendants Gilbert and Paavilainen came there investigating an Aggravated Fleeing and Eluding crime.

9. Upon coming into contact with the suspected offender Mark Lesofsky, Defendants began searching the room. Defendant Gilbert lifted the mattress and box spring and discovered Plaintiff hiding under the bed.

10. Defendants became angry and verbally abusive because Plaintiff was hiding, ordered Plaintiff to get up at which time Defendant Gilbert committed the following acts and deprived Plaintiff of his Constitutional rights:

   a. intentionally or with reckless disregard hit Kane in the (front center) top of the head with a baton, splitting his scalp, causing him bodily harm and to fall to the floor.

   b. intentionally or with reckless disregard grabbed Kane by his leg and pulled him over the bed frame (without allowing Kane to do so on his own) in such a way to cause him bodily harm.

   c. intentionally or with reckless disregard repeatedly kicked Kane in his shin and stomped him about the body and legs in a way as to cause him bobily harm.

   b. intentionally or with reckless disregard repeatedly struck Kane with a baton.

11. Defendant Paavilainen became verbally abusive because of Plaintiff's hiding, ordered Plaintiff to get up after Defendant Gilbert knocked him to the floor (from a blow with a baton) and committed the following acts and deprived Plaintiff of his Constitutional rights:

   a. intentioanlly or with reckless disregard grabbed Kane by his arm and pulled him over the bed frame (without allowing Kane to do on his own) and shoved him to the floor in such a way as to cause him bodily harm.

   b. intentionally or with reckless disregard pulled his baton and began to strike Kane about the arm and back repeatedly while Kane laid curled up on his side and Gilbert kicked him.

12. Neither Defendant ever announced to Plaintiff that he was under arrest, never tried to restrain him, or place handcuffs on him. Plaintiff was maced 3 times as he turned his head right to left.

13. While Defendants, Gilbert struck Plaintiff with a baton and kicked him; and Paavilainen struck Plaintiff with a baton; Plaintiff tried to avoid blows. Plaintiff was knocked to the floor by a blow to the head from the back by Paavilainen as he took evasive maneuvers to avoid more blows, kicks and punches.

14. In description of par. 12, Gilbert stood over Plaintiff, sprayed--Plaintiff in the face and mouth with mace, then a second time as he turned to the right, and a third time as he turned to the left.

15. Defendant Paavilainen repeatedly struck Plaintiff about the back and arm while he laid on his left side.

16. Defendant Paavilainen then punched Plaintiff twice (while being verbally abusive because Kane attempted to elude blows), grabbed Plaintiff's arm, turned him on his stomach, placed his knee in Plaintiff's back, and handcuffed Plaintiff; all while Plaintiff laid gagging from the mace and bleeding.

17. Defendant Paavilainen led Plaintiff out the room on to the sidewalk ground where they both choked, coughed and got air.

18. Approximately 5 min., later Defendant Paavilainen proceeded to lead Plaintiff to an Ambulance during which time Plaintiff became unconscious. Then Plaintiff was awakened by the carrying to Victory Hospital where he received staples.

19. Each Defendants actions constituted excessive force and battery, because Plaintiff was not resisting an order to stop resisting.

20. Although each of the Defendants knew they were violating Plaintiff's Constitutional rights as alleged herein, none of the Defendants intervened or attempted to prevent the other Defendant from continuing their unconstitutional conduct.

21. As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff suffered actual injuries and damages, as well as violations of his civil and constitutional rights.

WHEREFORE, Plaintiff prays the Court will award him compensatory and punitive damages in the amount of $50,000.00, and cost.

## COUNT II

### VIOLATION OF 42 U.S.C. §1983 & 1985(3)

1-7. Plaintiff incorporates and realleges par. 1 through 7 of this Complaint as though they were fully stated herein as par. 1 through 7 of Count II.

8. On or about January 8, 2006 Defendants Gilbert and Paavilianen acted in concert with each other at all times relevant hereto, and combined, conspired and agreed with each other to violate Plaintiff's Constitutional and civil rights. These rights include, but are not limited to the right to be free from the use of excessive force by those acting under color of law and the right to be free from cruel and unusual punishment. In furtherance of these conspiratorial objectives, the following acts were committed by the Defendants as specifically alleged below:

   a. intentionally or with reckless disregard acted with one another in furtherance of excessive force and battery.

   b. intentionally and with reckless disregard failed to stop the other from repeatedly macing, or striking Kane with their fist, foot, and baton in a way that promoted or facilitated excessive force and battery.

9. As a result of the Defendants conduct, the Plaintiff suffered greatly through severe injuries to his head, legs, arm, throat and body and deprivation of his Constitutional rights.

WHEREFORE, Plaintiff prays this Court will award him compensatory and punitive damages in the amount of $50,000.00, and cost.

## COUNT III

### BATTERY

1-7. Plaintiff incorporates and realleges par. 1 through 7 of this Complaint as though they were fully stated herein as par. 1 through 7 of Count III.

8. On or about January 8, 2006 Defendants battered Plaintiff when they:

    a. hit Plaintiff in the head and body with a closed hand and baton repeatedly;

    b. kicked, punched and mased Plaintiff repeatedly.

9. The Defendants committed a battery on Plaintiff in that they intentionally made a harmful and offensive contact upon his person without any legal justification.

10. As a direct and proximate result of the battery committed by the Defendants as herein described, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff prays this Court will award him compensatory and punitive damages in the amount of $50,000.00, and cost.

### VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare and verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct . Executed in October 30, 2007.

Timothy D. Kane

STATE OF ILLINOIS  )
COUNTY OF LAKE    ) ss

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

People of the State of Illinois

vs.

Timothy Kane

Gen. No. 06CF62
        5CF 2260
        4CF 3043

## ORDER

It is Hereby ordered that the Public Defender's Investigators may go into the Lake County Jail to photograph the defendant's injuries ASAP.

Dated at Waukegan, Illinois this 8 day of January, 20 06.

ENTER: _____
                Judge

ORDER PREPARED BY: _____
(Please Print Name and Address)

171-94 rev 1/00



DSC00900.JPG
1/9/2006 10:15:05 AM



DSC00901.JPG
1/9/2006 10:15:10 AM



DSC00902.JPG
1/9/2006 10:15:16 AM



DSC00903.JPG
1/9/2006 10:15:30 AM



DSC00905.JPG
1/9/2006 10:15:44 AM



DSC00906.JPG
1/9/2006 10:15:49 AM



DSC00907.JPG
1/9/2006 10:15:57 AM



DSC00908.JPG
1/9/2006 10:16:23 AM



DSC00910.JPG
1/9/2006 10:16:41 AM



DSC00911.JPG
1/9/2006 10:16:46 AM



DSC00912.JPG
1/9/2006 10:16:57 AM



DSC00913.JPG
1/9/2006 10:17:07 AM



DSC00915.JPG
1/9/2006 10:17:29 AM



DSC00916.JPG
1/9/2006 10:17:39 AM



DSC00917.JPG
1/9/2006 10:17:49 AM



DSC00918.JPG
1/9/2006 10:18:05 AM



DSC00920.JPG
1/9/2006 10:18:23 AM



DSC00904.JPG
1/9/2006 10:15:36 AM



DSC00909.JPG
1/9/2006 10:16:33 AM



DSC00914.JPG
1/9/2006 10:17:18 AM



DSC00919.JPG
1/9/2006 10:18:11 AM