IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. KANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6590 |
| | ) | |
| DEPUTY RAYMOND GILBERT and | ) | Judge George W. Lindberg |
| DEPUTY JOSEPH PAAVILAINEN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

RAYMOND GILBERT and JOSEPH PAAVILAINEN, Defendants, by their attorney,

Daniel P. Field, for their response to the allegations of plaintiff's complaint, answer and state as

follows:

1.  Kane is an American citizen of the United States who resides in Joliet, Illinois.

**ANSWER:**  These defendants have insufficient knowledge or information to form a

belief as to plaintiff's citizenship but in further answering these defendants admit that plaintiff

currently resides in Joliet, Illinois.

2.  Defendants were Lake County Deputies employed by the Lake County Sheriff's
Department on and before January 8, 2006.

**ANSWER:**  These defendants admit the allegations of paragraph 2.

3.  This action for deprivation of constitutional rights arises under 42 U.S.C., § 1983.

**ANSWER:**  These defendants admit the allegations of paragraph 3.

4.  Jurisdiction is based on 28 U.S.C., § 1331 which grants federal question jurisdiction.

**ANSWER**  These defendants admit that this court has subject matter jurisdiction.

5.  Venue is proper with this court pursuant to 28 U.S.C., § 1391(b)(2) in that all of the

acts alleged herein occurred within Lake County.

      **ANSWER:**  These defendants admit that venue is proper in this court.

      6.  Gilbert and Paavilainen, defendants were performing duties similar to those they were assigned to perform in their capacities as Deputy Sheriffs for the Lake County Sheriff's Department on January 8, 2006 and were therefore acting under the color of State law.

      **ANSWER:**  These defendants admit the allegations of paragraph 6.

      7.  Plaintiff Kane was a resident of Lake County, Illinois on and before January 8, 2006.

      **ANSWER:**  These defendants admit the allegations of paragraph 7.

## COUNT I

## VIOLATION OF 42 U.S.C. § 1983

      1-7.  Plaintiff incorporates and re-alleges paragraph (par.) 1 through 7 of this Complaint as though they were fully stated herein as par. 1 through 7 of Count I.

      **ANSWER:**  These defendants adopt as their answers to paragraph 1 through 7 of Count I those answers previously made to paragraphs 1 through 7 as though fully set forth herein.

      8.  On or about January 8, 2006 Plaintiff was hiding under a bed at the American Inn Motel room #125, when Defendants Gilbert and Paavilainen came there investigating an Aggravated Fleeing and Eluding crime.

      **ANSWER:**  These defendants admit the allegations of paragraph 8.

      9.  Upon coming into contact with the suspected offender Mark Lesofsky, Defendants began searching the room.  Defendant Gilbert lifted the mattress and box spring and discovered Plaintiff hiding under the bed.

      **ANSWER:**  These defendants admit the allegations of paragraph 9.

      10.  Defendants became angry and verbally abusive because Plaintiff was hiding, ordered Plaintiff to get up at which time Defendant Gilbert committed the following acts and deprived Plaintiff of his constitutional rights:

      a.     intentionally or with reckless disregard hit Kane in the (front center) top of the head with a baton, splitting his scalp, causing him bodily harm and to fall to the

floor.

b.    intentionally or with reckless disregard grabbed Kane by his leg and pulled him over the bed frame (without allowing Kane to do so on his own) in such a way as to cause him bodily harm.

c.    intentionally or with reckless disregard repeatedly kicked Kane in his shin and stomped him about the body and legs in a way as to cause him bodily harm.

d.    intentionally or with reckless disregard repeatedly struck Kane with a baton.

**ANSWER:**  These defendants deny the allegations of paragraph 10 including each of its

sub-parts.

11.  Defendant Paavilainen became verbally abusive because of Plaintiff's hiding, ordered Plaintiff's hiding, ordered Plaintiff to get up after Defendant Gilbert knocked him to the floor (from a blow with a baton) and committed the following acts and deprived Plaintiff of his constitutional rights:

a.    intentionally or with reckless disregard grabbed Kane by his arm and pulled him over the bed frame (without allowing Kane to do on his own) and shoved him to the floor in such a way as to cause him bodily harm.

b.    intentionally or with reckless disregard pulled his baton and began to strike Kane about the arm and back repeatedly while Kane lay curled up on his side and Gilbert kicked him.

**ANSWER:**  These defendants admit that Paavilainen struck Plaintiff with his baton on

the outer part of his thigh but in further answering these defendant deny the remaining allegations

of paragraph 11.

12.  Neither defendant ever announced to Plaintiff that he was under arrest, never tried to restrain him, or place handcuffs on him.  Plaintiff was maced three times as he turned his head right to left.

**ANSWER:**  These defendants admit that Plaintiff was sprayed two times with oleoresin

capsicum spray in an effort to subdue him but in further answering these defendants deny the

remaining allegations of paragraph 12.

13.  While Defendants, Gilbert struck Plaintiff with a baton; and kicked him; and Paavilainen struck plaintiff with a baton; Plaintiff tried to avoid blows.  Plaintiff was knocked to the floor by a blow to the head from the back by Paavilainen as he took evasive maneuvers to avoid more blows, kicks and punches.

**ANSWER:**  These defendants admit that defendant Paavilainen struck Plaintiff in the

thigh with a baton but in further answering these defendants deny each of the remaining

allegations of paragraph 13.

14.  In description of par. 12, Gilbert stood over Plaintiff, sprayed—Plaintiff in the face and mouth with mace, then a second time as he turned to the right and a third time as he turned to the left.

**ANSWER:**  These defendants admit that defendant Gilbert sprayed Plaintiff two times

with oleoresin capsicum spray but in further answering, these defendants deny the remaining

allegations of paragraph 14.

15.  Defendant Paavilainen repeatedly struck plaintiff about the back and arm while he laid on his left side.

**ANSWER:**  These defendants deny the allegations of paragraph 15.

16.  Defendant Paavilainen then punched Plaintiff twice (while being verbally abusive because Kane attempted to elude blows) grabbed Plaintiff's arm, turned him on his stomach, placed his knee in Plaintiff's back, and handcuffed Plaintiff; all while Plaintiff laid gagging from the mace and bleeding.

**ANSWER:**  These defendants deny the allegations of paragraph 16.

17.  Defendant Paavilainen led Plaintiff out of the room onto the sidewalk ground where they both choked, coughed and got air.

**ANSWER:**  These defendants admit that the struggle between these defendants and

Plaintiff moved from the inside the room to the sidewalk area outside but in further answering,

these defendants deny the remaining allegations of paragraph 17.

18.  Approximately five minutes later Defendant Paavilainen proceeded to lead Plaintiff

to an ambulance during which time Plaintiff became unconscious.  The Plaintiff was awakened by the carrying to Victory Hospital where he received staples.

**ANSWER:** These defendants admit that Plaintiff was taken to an ambulance by members

of the Beach Park Fire Protection District and transported to Victory Memorial Hospital where

staples were used to close a wound but further answering these defendants deny the remaining

allegations of paragraph 18.

19.  Each defendants' actions constituted excessive force and battery, because plaintiff was not resisting an order to stop resisting.

**ANSWER:** These defendants deny the allegations of paragraph 19.

20.  Although each of the defendants knew that they were violating Plaintiff's constitutional rights as alleged herein, none of the defendants intervened or attempted to prevent the other defendant from continuing their unconstitutional conduct.

**ANSWER:** These defendants deny the allegations of paragraph 20.

21.  As a direct and proximate result of the aforementioned acts of the defendants, Plaintiff suffered actual injuries and damages, as well as violations of his civil and constitutional rights.

**ANSWER:** These defendants deny the allegations of paragraph 21.

## COUNT II

### VIOLATION OF 42 U.S.C. § 1983 & 1985(3)

1-7.  Plaintiff incorporates and re-alleges par. 1 though 7 of this Complaint as though they were fully stated herein as par. 1 through 7 of Count II.

**ANSWER:** These defendants adopt as their answers to paragraphs 1 through 7 of Count

II those answers made to paragraphs 1 through 7 as though fully set forth herein.

8.  On or about January 8, 2006, defendants Gilbert and Paavilianen acted in concert with each other at all times relevant hereto and combined, conspired and agreed with each other to violate the Plaintiff's constitutional and civil rights.  These rights include, but are not limited to the right to be free from the use of excessive force by those acting under color of law and the

right to be free from cruel and unusual punishment.  In furtherance of these conspiratorial objectives, the following acts were committed by the Defendants as specifically alleged below:

> a.    intentionally or with reckless disregard acted with one another in furtherance of excessive force and battery.

> b.    intentionally and with reckless disregard failed to stop the other from repeatedly macing, or striking Kane with their fist, foot, and baton in a way that promoted or facilitated excessive force and battery.

**ANSWER:** These defendants deny the allegations of paragraph 8.

9.  As a result of the Defendants' conduct, the Plaintiff suffered greatly through severe injuries to his head, legs, arm, throat and body and deprivation of his constitutional rights.

**ANSWER:** These defendants deny the allegations of paragraph 9.

## COUNT III

## BATTERY

1-7.  Plaintiff incorporates and re-alleges par. 1 through 7 of this Complaint as though they were fully stated herein as par. 1 through 7 of Count III.

**ANSWER:** These defendants adopt as their answer to paragraph 1 through 7 of Count III

those answers previously made to paragraphs 1 through 7 of this Complaint.

8.  On or about January 8, 2006, defendants battered Plaintiff when they:

> a.    hit the Plaintiff in the head and body with a closed hand and baton repeatedly.

> b.    kicked, punched and mased (sic) Plaintiff repeatedly.

9.  The defendants committed a battery on Plaintiff in that they intentionally made a harmful and offensive contact on his person without any legal justification.

**ANSWER:**    These defendants deny the allegations of paragraph 9.

10.  As a direct and proximate result of the battery committed by the defendants as described herein, Plaintiff suffered actual damages.

**ANSWER:**    These defendants deny the allegations of paragraph 10.

WHEREFORE, RAYMOND GILBERT and JOSEPH PAAVILAINEN deny that plaintiff is entitled to any judgment against them whatsoever and pray that this court enter judgment in their favor and against the plaintiff together with costs of suit.

## AFFIRMATIVE DEFENSES

1. These defendants are entitled to a qualified immunity from suit as any acts or omissions of these defendants did not contravene clearly established law in the factual contours that confronted these defendants.

2. The allegations of Count II fail to state a claim upon which relief could be predicated.

3. The allegations of Count II fail to state any class based animus against these defendants.

4. The allegations of Count III are time barred.

Respectfully submitted,

RAYMOND GILBERT and JOSEPH PAAVILAINEN, Defendants


By: _____ s/ Daniel P. Field _____
         Their attorney


Daniel P. Field
SCARIANO, HIMES AND PETRARCA
209 West Madison Street
Waukegan, IL 60085-4345
(847) 662-5800
ARDC No. 00800597
dpfield1@gmail.com