IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. KANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6590 |
| | ) | |
| RAYMOND GILBERT and | ) | Judge George W. Lindberg |
| JOSEPH PAAVILAINEN, | ) | |
| | ) | |
| Defendants. | ) | |

## QUALIFIED PROTECTIVE ORDER

This matter having come to be heard on the Motion of the Defendants for the Entry of a Qualified Protective Order, all parties having received due notice, and the Court being fully advised:

1. The current parties (and their attorneys) and any future parties (and their attorneys) to the above captioned matter are hereby authorized to receive, subpoena and transmit "protected health information" (also referred to as "PHI") pertaining to Timothy D. Kane to the extent and subject to the conditions outlined herein.

2. For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating either to (a) past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to Timothy D. Kane to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4. The parties and their attorneys shall be permitted to use the PHI of Timothy D. Kane in any manner that is reasonably connected with the above captioned litigation. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members and other entities involved in the litigation process.

  5.  At the conclusion of the litigation (which shall be defined as the point at which final orders disposing of the entire case have been entered, or at the time at which trial or appellate proceedings have been exhausted), any person or entity in possession of PHI pertaining to Timothy D. Kane (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI in their possession.

  6.  This Order shall not control or limit the use of protected health information pertaining to Timothy D. Kane that comes into the possession of any party or any party's attorney from a source other than a "covered entity," as that term is defined in 45 CFR 160.103.

  7.  Medical information may include records, if any, relating to treatment for alcohol and drug abuse protected under the regulations in 42 CFR Part 2; psychiatric/psychological services and social work records but does not include information regarding communicable diseases and infections, tuberculosis, venereal diseases, sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV) or ARC.

  8.  Nothing in this Order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to patient authorization or through attorney-client communications.

  9.  The Court retains final authority to make any and all protected health information as defined herein public documents.

Entered:_____

                  George W. Lindberg
                  United States District Judge

Prepared by: Daniel P. Field
       SCARIANO, HIMES AND PETRARCA
       209 West Madison Street
       Waukegan, IL 60085-4345
       (847) 662-5800
       ARDC No. 00800597